S. E. SANDERSON, Respondent, v. JOHN H. LANE, Appellant.

Kansas City Court of Appeals, January 5, 1891.

Reward: WHO CANNOT MAINTAIN ACTION FOR. Plaintiff bought a stolen horse, and afterwards defendant, an officer, took the horse from plaintiff's lot (with the consent or, at least, knowledge of plaintiff's brother and agent, as it would seem from the evidence set out in the opinion), returned it to the owner and received the offered reward. Plaintiff then brought this action to recover the reward so received alleging he was entitled to the same, and defendant refused to pay it over to him. Held he could not maintain such action, as he did not return the horse, nor did he know of a reward being offered.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED.

*W. W. Fry*, for appellant.

(1) The petition does not state a cause of action. There is no allegation of a conversion. *Perry v. Musser*, 68 Mo. 477. There is no charge that plaintiff was damaged. Damages must be specifically pleaded in this character of cases. *Perry v. Musser*, 68 Mo.

477. The petition is not sufficient, as an action of trespass. It is essential in trespass or trover to allege and prove possession at the date of the act. Here there is no allegation of possession in plaintiff, and the case should be reversed and dismissed. *Deland v. Vanstone*, 26 Mo. App. 297; *Gamer v. McCullough*, 48 Mo. 318. (2) The court's instruction is erroneous at several points: *First*. It bases the issue on plaintiff's possession when there is no alleged proof of such possession. 26 Mo. App. 297, *supra*. *Second*. It charges that if defendant, "without the consent of plaintiff's brother in charge of said horse, took the said horse out of the possession of the plaintiff," etc. In trespass there must be possession in the plaintiff, and the taking must be wrongful and against the consent of the plaintiff. This instruction does not so charge. *Third*. The measure of damages is not the reward but the actual damage to the possession. The reward was speculative and contingent damages, and could not be considered in this action. *Niemetz v. Ag. Co.*, 5 Mo. App. 59; *Min. Co. v. Clark*, 32 Mo. 305. Where there is no proof of actual damages only nominal can be collected. 5 Mo. App. 59, *supra*. Plaintiff was paid for use and care of animal, and not entitled to more. (3) The demurrer should have been sustained. The verdict is against the evidence. There was no objection to the horse being taken. The witness testified that he let the defendant take the horse because he thought he had a right to take it

*W. A. Edmonston*, for respondent—no brief.

ELLISON, J.—Plaintiff bought a stolen horse—afterwards defendant, who was a city marshal, having received a description of the horse and hearing the horse was in plaintiff's lot went there and took possession of him in the manner shown by the following testimony: Plaintiff testified, that a man by the name of

Craver brought a horse to his home in June, 1889, and wanted to sell it. "I suspected the horse was stolen and detained it at my house. I live in a mile and a half of Mexico. My brother, George Sanderson, and his wife keep house on the farm, and I am single and live with them. We had the farm rented together and owned separate stock. I did not know who owned the horse or that there was any reward for the horse until after defendant took it. Defendant took the horse on July 2, while I was away from home?" George Sanderson testified: "I am brother of plaintiff. On July 2, plaintiff was absent from the farm and I was working and saw the defendant and Mr. Wallace going to my house in a buggy; I went to the house, and the horse was in the yard, and defendant and Wallace were looking at it. The defendant said he had come for the horse; that he thought he knew the owner of it and asked for the bridle and saddle, and we went down to the stable and looked at the bridle and saddle, and he said he wanted them, that he knew the owner; he took the bridle, and took the saddle, and we went back to the yard and put them on the horse. Defendant asked me how much I wanted for taking care of the horse and I told him $5; he said that was a little high and paid me $4. I asked him if he had authority to take the horse; he said he had or he would not take it. He had on his uniform as city marshal of Mexico, and I knew he was city marshal was why I let him take the horse. I asked him if there was any reward offered for the horse, and he said he did not know as there was. I did not know who owned the horse or that there was any reward offered. Mr. Wallace was present while we were talking, and asked defendant if he was going to pay me for keeping the horse as they led him out.

There was a reward of $15 offered for the horse, which was paid to defendant on his returning the horse, and plaintiff has brought this suit for that reward, alleging that he was entitled to the same, and that

defendant refuses to pay it over to him. He obtained judgment below. We can see no way to sustain the judgment; he sues for the reward to which he says he was entitled. Plaintiff did not return the horse, nor did he know of a reward being offered. Whatever injury may have been done plaintiff by the acts of the defendant, we cannot see how we are to permit him to recover the reward as such. The judgment is reversed. All concur.